# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**TIMOTHY R. WHITE,**    CASE NO. 3:21 CV 762

    Plaintiff,

    v.    JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.    **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Timothy R. White seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Knapp recommends this Court affirm the Commissioner's final decision. (Doc. 14). Plaintiff filed objections to the R&R (Doc. 15), and the Commissioner filed a response thereto (Doc. 16). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in May 2018 alleging a disability onset date of March 27, 2017. (Tr. 225-32). His claims were denied initially and upon reconsideration. (Tr. 115-16, 149-50). Plaintiff (represented by counsel), and a vocational expert ("VE") testified at a hearing before an administrative law judge ("ALJ") on February 19, 2020. (Tr. 48-80). On February 28, 2020, the ALJ found Plaintiff not disabled in a written decision. (Tr. 19-41). The Appeals Council denied Plaintiff's request for review, making

the hearing decision the final decision of the Commissioner. (Tr. 7-10). Plaintiff then timely filed the instant action on April 9, 2021. (Doc. 1).

Plaintiff initially raised three arguments to the Magistrate Judge: (1) the ALJ failed to evaluate the opinion of Dr. Comianos; (2) the ALJ erred in evaluating the opinion of Dr. Richetta; and (3) the ALJ's residual functional capacity (RFC) analysis is not based on substantial evidence because he relied extensively on Plaintiff's improvement and failed to consider the time period pre-dating that improvement. *See* Doc. 12.

In her R&R, Judge Knapp concluded the ALJ did not err in his consideration of the opinion evidence and that substantial evidence supported the ALJ's RFC determination. She therefore recommends the Court affirm the Commissioner's decision. *See* Doc. 14.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises a single objection to the R&R. He contends the Magistrate Judge "failed to fully consider" his argument that the ALJ ignored the evidence from 2017 to 2019 in formulating the mental RFC. Specifically, he argues:

> As Plaintiff conceded: yes, the ALJ summarized the pre-2019 evidence; yes, she acknowledged exam abnormalities therein; and yes, that period contained instances of non-compliance; but: this does not change the fact that the ALJ's decision is still written in such a way to convince the reader that the operative fact leading to the RFC was Mr. White's improvement in 2019.

(Doc. 15, at 3).

RFC refers to "the most [the claimant] can still do despite [his] limitations" and should be assessed "based on all the relevant evidence in [the] case record." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The ALJ is charged with formulating a claimant's RFC. 20 C.F.R. §§ 405.1546(c); 416.946(C). An RFC determination, like all findings of the ALJ, must be supported by substantial evidence in the record. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 788 (6th Cir. 2009). But so long as an ALJ's determination of disability is supported by substantial evidence in the record, the Court will affirm. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

The ALJ in the instant case assessed the following mental RFC:

> [The claimant] could perform goal-based production, where work is measured by the end result, not pace work. The claimant could perform simple, routine, unskilled tasks. He would require a low stress job, defined as having only occasional changes

---

1. Neither party objects Judge Knapp's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Knapp.

3

> in the work setting with clear expectations. The claimant could interact with the public, coworkers, and supervisors on [a] brief, occasional, superficial basis. The claimant could adapt to settings where the pace is not fast, such as goal-based production.

(Tr. 25).

In his argument to the Magistrate Judge – and again in his objection – Plaintiff focuses on the following two paragraphs of the ALJ's decision, which directly follow two pages of a thorough chronological evaluation of Plaintiff's mental health records from 2016 to 2020:

> Here, while the claimant experienced mental health conditions and symptoms, the record supports once the claimant was compliant with medication management and therapy, he experienced improvement in his alleged symptomology. While he continued to report some issues with focus, the record supports he was capable of passing collegiate level courses to obtain certification in networking (Testimony). The claimant admitted he was attending school all day, which requires sustained attention and concentration. Further, it should be noted the claimant was experiencing significant change in his environment moving to Columbus during the week, living out of a hotel, to attend school only going home on the weekends. The record was devoid of any mental symptom exacerbations or deterioration during this period of time and the claimant did not testify he had issues attending classes or performing well in school due to breakthrough mental health symptoms.
>
> The undersigned has appropriately considered the claimant's combination of mental conditions and associated symptoms when reasonably reducing him to the performance of a limited range of sedentary exertional work noting he could perform goal-based production, where work is measured by the end result, not pace work; could perform simple, routine, unskilled tasks; could perform a low stress job, defined as having only occasional changes in the work setting with clear expectations; could interact with the public, coworkers, and supervisors on [a] brief, occasional, superficial basis; and could adapt to settings where the pace is not fast, such as goal-based production.

(Tr. 32-33). Plaintiff contends, therefore, that the ALJ's rationale supporting the RFC only supports the *post*-2019 time period, not the entire time period at issue (starting in March 2017). However, when read in the context of the opinion as a whole, and on *de novo* review, the Court agrees with the well-reasoned analysis of the R&R addressing this argument.

4

First, as the R&R explains, the statement in the first cited paragraph – "once the claimant was compliant with medication management and therapy, he experienced improvement in his alleged symptomology" – harkens back to the ALJ's earlier discussion of more significant symptoms during periods of non-compliance. *See* Tr. 30 (April 2017 – "The claimant reported he had been offered medication by his doctor but declined the medication; however, he reported he felt the symptoms were increasing."); Tr. 31 (July 2017 – "The claimant admitted that he was noncompliant with prior treatment he had received, including medications that were prescribed."); Tr. 31 (August 2017 – The claimant reported he was noncompliant with the medications that were prescribed at his prior July appointment."); Tr. 32 (June 2018 – "The claimant was not taking medications as prescribed . . . However, he admitted that he should restart his medications."). Given this context, and the further context below, the Court overrules Plaintiff's objection that these paragraphs indicate the ALJ's "primary reliance in constructing his RFC was on Plaintiff's improvements in 2019." (Doc. 15, at 2).

Second, as the R&R also points out, "the mental RFC limitations applied by the ALJ do not appear consistent with Mr. White's increased level of functioning following his improvements in 2019". (Doc. 14, at 34). That is, the limitations imposed are far more restrictive than the description of Plaintiff's mental functioning in 2019, and thus consistent with accommodating Plaintiff's more varied symptomology from prior to 2019. *Compare, e.g.*, Tr. 32-33 (describing Plaintiff in 2019 "attending school all day", "capable of passing collegiate level classes", and "experiencing significant change in his environment"), *with* Tr. 25 (RFC limiting Plaintiff to "simple, routine, unskilled tasks", "only occasional changes in the work setting", and "brief, occasional, [and] superficial" interaction with others"). This is also supported by other evidence in the record and the ALJ's decision, as discussed below.

5

Third, this reading of the ALJ's decision – finding the mental RFC determination adequately explained and supported by substantial evidence – is buttressed by the ALJ's analysis elsewhere in his decision regarding the state agency psychological reviewing physicians:

> The prior mental administrative findings document the claimant could perform simple unskilled tasks, showing occasional difficulty sustaining concentration, persistence, and pace; would do bet with brief and superficial interaction with the general public and others in the work setting; and would do best with occasional changes, clear expectations, and routine tasks. Upon reconsideration the findings added, the claimant could adapt to settings where the pace was not fast. Here, the undersigned finds the reconsideration findings including the limitation on fast pace to account for limits in concentration/persistence/pace more persuasive than the initial mental administrative findings. However, overall while not adopted verbatim, the undersigned finds the limitations generally persuasive, supporting limitations in each area of mental health functioning, The undersigned finds reduction to simple generally unskilled work is supported *given the claimant's history of breakthrough mental health symptoms of irritability, depression, and anxiety*, as well as reports of intermittent pain. The undersigned finds the limitation on pace is supported given the claimant's chronic pain, *as well as his breakthrough mental symptoms, including irritability, depression, and focus deficits*. The undersigned finds the social functioning limits are supported *given the claimant's impulsivity and his reports of anger* requiring mood stabilizers and sleep medications in the record. The undersigned finds the adaptive limits persuasive, given the claimant continues to require ongoing therapy to work on coping skills and breathing exercises to work through his mental symptomology, as well as his ongoing need for mental health medications. Therefore while not adopted verbatim, the undersigned finds the prior mental administrative findings persuasive, noting the reconsideration findings including a specific pace limitation are more persuasive than the initial findings.

(Tr. 38) (emphasis added). Notably, these administrative findings were based on the evidence pre-dating Plaintiff's 2019 improvement. *See* Tr. 93-94 (Dr. Gilyot-Montgomery's June 2018 opinion); Tr. 144-45 (Dr. Irma Johnson's November 2018 opinion). In this analysis, the ALJ emphasized he found these prior evaluations of Plaintiff's abilities largely consistent with the ultimate RFC findings. And in the above-emphasized portions of that evaluation, the ALJ cited symptoms Plaintiff had during this pre-2019 period, demonstrating again that he did consider the entire relevant time period in developing the RFC.

6

The Court is to consider an ALJ's decision as a whole. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (noting that the ALJ's entire decision must be considered); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (affirming ALJ evaluation of opinion where "[e]lsewhere in her decision, the ALJ laid out in detail the treatment records" undercutting the opinion); *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review."). Reading the portion of the ALJ's decision Plaintiff cites in the context of that decision as a whole, the Court finds the ALJ did not err, and his mental RFC is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Knapp's R&R (Doc. 14) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

       s/ *James R. Knepp II*  
       UNITED STATES DISTRICT JUDGE